P. Kristofer Strojnik, SBN 242728
pstrojnik@strojniklaw.com
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
415-450-0100 (tel.)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim, | Case No: |
| Plaintiff, | **VERIFIED COMPLAINT** |
| vs. | (JURY TRIAL DEMANDED) |
| NIOMI HOSPITALITY INC., a California corporation, | |
| Defendant. | |

Plaintiff alleges:

## PARTIES

1.      Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

2.      Defendant, Niomi Hospitality Inc., owns and/or operates and does business as the hotel Travel Inn located at 920 South Beach Boulevard, Anaheim, California 92801. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging services. On information and belief, Defendant's hotel was built or renovated after March 15, 2012.

**JURISDICTION**

3.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188.

4.    Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

5.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

6.    Pursuant to *Arroyo v. Rosas*, supplemental jurisdiction is appropriate over Plaintiff's Unruh claim. On a case-specific analysis, there are no compelling reasons to decline jurisdiction.

**ALLEGATIONS**

7.    Plaintiff alleges that Defendant's hotel's disabled parking is not the shortest possible route to the Hotel lobby entrance. Section 208.3.1.

8.    Disabled parking spots relate to Plaintiff's disability because she has only one leg and uses a wheelchair, and disabled parking provides for an access aisle and closer distances to an accessible entrance.

9.    It is more difficult for a person in a wheelchair to move about than a person who is able to walk; it is also more time-consuming. Hence, disabled parking spots must be the closest to the building entrance to counter-act the difficulty and extra time, i.e. make things equal.

10.    Plaintiff formerly worked in the hospitality industry. She and her husband are avid travelers across California for purposes of leisure travel and to "test" whether various hotels comply with disability access laws, doing so at least once per month. Testing is encouraged by the Ninth Circuit.

11.    In late January 2024, Plaintiff visited Defendant's hotel, which has a parking lot. However, the disabled parking spots were not the shortest distance to the lobby entrance, which is required pursuant to Section 208.3 of the Standards. The

Hotel's non-disabled parking spots are much closer to the entrance. As a result of the violation that she personally encountered (disabled parking not shortest route to entrance), she was deterred from entering the Hotel lobby and left the Hotel.

12.     Plaintiff has certain plans of returning and staying at the Hotel in August 2024 during one of her many trips to the Los Angeles area and Orange County, but if she arrives then and Defendant has not remediated, she will remain deterred and will not enter the Hotel.

13.     It is readily achievable and inexpensive to modify the Hotel to move a disabled parking spot to the shortest possible route to the lobby entrance.

14.     Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

**FIRST CAUSE OF ACTION**

15. Plaintiff incorporates all allegations heretofore set forth.

16.     Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

17.     Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

18.     In violation of the 2010 Standards, Defendant's Hotel parking lot does not comply with Section 208.3 of the Standards, as described above.

19.     Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable

3

1   means that providing access is easily accomplishable without significant difficulty or

2   expense.

3       20.    Defendant's conduct is ongoing, and Plaintiff invokes her statutory right

4   to declaratory and injunctive relief, as well as costs and attorneys' fees.

5       21.    Without the requested injunctive relief, Defendant's non-compliance with

6   the ADA's requirements that its parking lot be fully accessible to, and independently

7   useable by, disabled people is likely to recur.

8       WHEREFORE, Plaintiff demands judgment against Defendant as follows:

9           a.   Declaratory Judgment that at the commencement of this action Defendant
                 was in violation of the specific requirements of Title III of the ADA
10               described above, and the relevant implementing regulations of the ADA;

11          b.   Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR §
12               36.504(a) which directs Defendant to take all steps necessary to bring its
                 parking lot into full compliance with the requirements set forth in the
13               ADA;

14
            c.   Payment of costs and attorney's fees;
15

16          d.   Provision of whatever other relief the Court deems just, equitable and
                 appropriate.
17

18                          SECOND CAUSE OF ACTION

19   22. Plaintiff realleges all allegations heretofore set forth.

20       23.    Defendant has violated the Unruh by denying Plaintiff equal access to its

21   public accommodation on the basis of her disability as outlined above.

22       24.    Unruh provides for declaratory and monetary relief to "aggrieved

23   persons" who suffer from discrimination on the basis of their disability.

24       25.    Plaintiff has been damaged by the Defendant's non-compliance with

25   Unruh.

26       26.    Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other

27   relief as the Court considers appropriate, including monetary damages in an amount of

28   $4,000.00, and not more.

27.     Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a.  Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

    b.  Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its parking lot into full compliance with the requirements set forth in the ADA;

    c.  Payment of costs and attorney's fees;

    d.  Damages in the amount of $4,000.00; and

    e.  Provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 1st day of March, 2024.

*/s/ P. Kristofer Strojnik*
P. Kristofer Strojnik (242728)
Attorneys for Plaintiff

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 1st day of March, 2024.

_____
Theresa Marie Brooke